## UNITED STATES DISTRICT COURT

### MIDDLE DISTRICT OF LOUISIANA

KARLYN KING AS NATURAL                                    CIVIL ACTION
TUTRIX FOR THE MINOR CHILD,
COLLIN C. KING

VERSUS
                                                         NO. 07-325-C-M2

CITY OF BATON ROUGE, ET AL

<u>NOTICE</u>

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 10 days from the date of service of this Notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report.  The failure of a party to file written objections to the proposed findings, conclusions, and recommendation contained in a Magistrate Judge's Report and Recommendation within 10 days after being served with a copy of the Report shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge that have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in chambers in Baton Rouge, Louisiana, July 12, 2007.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**KARLYN KING AS NATURAL**                             **CIVIL ACTION**
**TUTRIX FOR THE MINOR CHILD,**
**COLLIN C. KING**

**VERSUS**

                                             **NO. 07-325-C-M2**

**CITY OF BATON ROUGE, ET AL**

**MAGISTRATE JUDGE'S REPORT**

This matter is before the Court on the Motion to Dismiss Federal Claims Under 42 U.S.C. §1983 and to Remand Remaining Claims (R. Doc. 5) filed by plaintiff, Karlyn King ("King"), as natural tutrix for the minor child, Collin C. King.  Defendants, City of Baton Rouge ("the City"), Jeff LeDuff ("Chief LeDuff"), Brian Harrison ("Officer Harrison"), and Perry Stephens ("Stephens"), have not filed oppositions to King's motion.

**FACTS & PROCEDURAL BACKGROUND**

King filed this wrongful death and survival suit in the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, wherein she alleges that, on or about February 17, 2006, the father of her child, George Temple, II ("Temple"), was killed after being shot once by Officer Harrison and five times by defendant and onlooker, Stephens, during a routine traffic stop in the parking lot of Auto Zone on Greenwell Springs Road in Baton Rouge.  In addition to naming Officer Harrison and Stephens as defendants, King named the City and its Chief of Police Jeff LeDuff, in his official capacity, based upon Chief LeDuff's alleged inability to properly screen, train, discipline, and supervise his officers, in particular Officer Harrison.  In addition to her state wrongful death and survival actions asserted on behalf of her son, Collin King,[1] plaintiff alleges, in ¶15 of her petition, that

---

[1] King has also asserted state law claims of battery and use of improper and excessive force.

1

Officer Harrison was a "'person acting under color of authority,' within the meaning and intent of 42 U.S.C. Section 1983."

On May 10, 2007, defendants, the City, Chief LeDuff, and Officer Harrison, removed the case to this Court solely on the basis of King's §1983 claim in ¶15 of her petition.  King has now filed the present motion, seeking dismissal of her §1983 claim and remand of her remaining state law claims.

## LAW & ANALYSIS

Local Rule 7.5M of the Middle District of Louisiana requires that memoranda in opposition to a motion be filed within twenty (20) days after service of the motion.  The rule specifically provides:

> LR7.5M          Response and Memorandum
>
> Each respondent opposing a motion shall file a response, including opposing affidavits, memorandum, and such supporting documents as are then available, within 20 days after service of the motion.  Memoranda shall contain a concise statement of the reasons in opposition to the motion, and a citation of authorities upon which the respondent relies.  For good cause appearing therefor, a respondent may be required to file a response and supporting documents, including memoranda, within such shorter or longer period of time as the court may order, upon written ex parte motion served on all parties.

The present motion and supporting memorandum were filed on June 20, 2007, and the certificate of service indicates that copies of those pleadings were mailed to defense counsel on that same date.  Even allowing for slow mail travel, more than twenty (20) days have elapsed since the service of the motion, and defendants have failed to file any

opposition(s).[2]  The motion is therefore deemed unopposed.

In addition to being unopposed, the Court finds that the motion has merit and should be granted.  In the memorandum in support of King's present motion, her counsel expressly indicates that she is no longer requesting recovery under any federal statutes and seeks to have her §1983 claim dismissed.  While dismissal of a plaintiff's only federal claim after removal of an action to federal court does not by itself deprive the federal court of jurisdiction over the remaining state claims since the Court may, in its discretion, choose to exercise supplemental jurisdiction over those state claims pursuant to 28 U.S.C. §1367, courts often decline to exercise such supplemental jurisdiction where the remaining claims are predicated solely on questions of state law, which preferably should be decided by state courts.  *See, Coghlan v. Wellcraft Marine Corp.*, 240 F.3d 449, 455 (5th Cir. 2001)(District court may decline to exercise supplemental jurisdiction when all claims giving rise to federal jurisdiction have been dismissed); *Lytle v. Bustos*, 2005 WL 755760 (N.D. Tex. 2005)(Plaintiff's motion to dismiss her claims under the due process and equal protection provisions of the U.S. Constitution was granted, and the court declined to exercise supplemental jurisdiction and remanded the plaintiff's state law claims to state court, noting that it was preferable that the claims arising under Texas state law be adjudicated by the courts of the State of Texas).[3]

---

[2] Furthermore, the Court's electronic filing system indicates that notice of the filing of the present motion was sent to defense counsel electronically at 10:40 a.m. CDT on June 20, 2007.

[3] *See also, Heaton v. Monogram Credit Card Bank of Georgia*, 231 F.3d 994, 997 (5th Cir. 2000)(("Under §1367(c)(3), a district court may decline in its discretion to exercise supplemental jurisdiction over . . . state law claims when the court has dismissed all claims giving rise to original jurisdiction"); *St. Luke's Episcopal Hosp. Corp. v. Stevens Transport Inc.*, 172 F.Supp.2d 837 (S.D. Tex. 2001)(If the plaintiff declines to assert an ERISA claim, the Court will remand the case to state court, since the Court declines to exercise supplemental jurisdiction over the state common law claims); *Lindsey v. Dillards, Inc.*, 306 F.3d 596 (8th Cir. 2002)(Under the provisions that allow a district court to decline

With King's §1983 claim dismissed from this case, her only remaining claims for wrongful death and survival, negligent supervision, battery, and use of excessive and improper force fall under Louisiana state law, and all of the parties to this matter are Louisiana citizens.[4]   Under the circumstances, it is preferable that such claims be adjudicated in Louisiana state courts.   Considering the defendants' complete lack of opposition to this motion, the Court should, in its discretion, remand this matter to the 19th Judicial District Court for further proceedings.

### RECOMMENDATION

For the above reasons, it is recommended that the Motion to Dismiss Federal Claims Under 42 U.S.C. §1983 and to Remand Remaining Claims (R. Doc. 5) filed by plaintiff, Karlyn King, as natural tutrix for the minor child, Collin C. King, be **GRANTED**, that her claim pursuant to 42 U.S.C. §1983 be **DISMISSED WITH PREJUDICE**, and that this matter be **REMANDED** to the 19th Judicial District Court for further proceedings.

Signed in chambers in Baton Rouge, Louisiana, July 12, 2007.

_____

**MAGISTRATE JUDGE CHRISTINE NOLAND**

---

supplemental jurisdiction, a court is not required to remand state law claims when the only federal claim has been dismissed; instead, a district court maintains discretion to either remand the state law claims or keep them in federal court).

[4] Thus, the Court could not exercise original jurisdiction based upon diversity.

4